# IN THE COURT OF APPEALS OF IOWA

No. 14-0912
Filed November 13, 2014

**MARIO SELVIS BARRERA,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Dallas County, Gregory A. Hulse,
Judge.


     Petitioner appeals dismissal of his application for postconviction relief as
time-barred. **AFFIRMED.**



     B. John Burns, Assistant Federal Defender, Federal Defender's Office,
Des Moines, for appellant.

     Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney
General, and Wayne M. Reisetter, County Attorney, for appellee.


     Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MCDONALD, J.**

On October 12, 1995, Mario Barrera pleaded guilty to sexual abuse in the third degree, in violation of Iowa Code 709.4(2)(c)(4) (1995).  He was sentenced to an indeterminate term of incarceration not to exceed ten years, said sentence suspended.  Barrera was subsequently deported from the United States due to this conviction.

In 2014, Barrera was charged in the United States District Court for the Southern District of Iowa with second illegal reentry.  The United States District Court continued the criminal proceedings to allow Barrera to challenge his 1995 conviction that gave rise to his initial deportation.  Thus, in 2014, more than eighteen years after his conviction for sexual abuse, Barrera filed his application for postconviction relief, alleging that his plea counsel was ineffective for failing to advise Barrera of the immigration consequences of his guilty plea pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010).  The district court dismissed Barrera's application as time barred pursuant to Iowa Code section 822.3 (2013) and *Perez v. State*, 816 N.W.2d 354 (Iowa 2012) (holding that criminal defendant was required to raise claim regarding failure to advise of immigration consequences of guilty plea within the three-year limitation period set forth in section 822.3).

On appeal, Barrera concedes his claim is time-barred pursuant to section 822.3 and *Perez*, but he asks that *Perez* be reconsidered.  "We are not at liberty to overturn Iowa Supreme Court precedent."  *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990).  The district court did not err in dismissing Barrera's application for postconviction relief.

The judgment of the district court is affirmed without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (c), and (e).

**AFFIRMED.**